2011 ND 96

## In the Matter of the Application for DISCIPLINARY ACTION AGAINST Alan M. McDONAGH, a Member of the Bar of the State of North Dakota.

### Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

### Alan M. McDonagh, Respondent.

### No. 20110167.

Supreme Court of North Dakota.

June 10, 2011.

INTERIM SUSPENSION ORDERED

PER CURIAM.

[¶ 1] On June 7, 2011, an Application for Order of Interim Suspension of Alan M. McDonagh, a member of the Bar of North Dakota, with Affidavit of Assistant Disciplinary Counsel and supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4, Threat of Public Harm. McDonagh was admitted to practice law on October 6, 1997, and is currently licensed to practice law in the courts of North Dakota.

[¶ 2] The Application alleges that McDonagh deposited client retainers into the law firm's business account instead of a trust account and used approximately $30,000 of client funds to pay the operating expenses of the law firm. By email to Assistant Disciplinary Counsel dated May 31, 2011, McDonagh admitted "there have been family law cases when I have deposited the retainer directly into my law firm's fees account." McDonagh's law firm partner filed an affidavit stating that McDonagh admitted to using client funds to pay the operating expenses of the law firm. In addition, the Application alleges McDonagh forged another attorney's signature and letterhead on title opinions to make it appear the other attorney had authored them when, in fact, McDonagh authored the opinions. In a letter to the inquiry committee dated April 18, 2011, McDonagh admitted the forgery.

[¶ 3] The Application alleges McDonagh's conduct violates N.D.R. Lawyer Disipl. 1.2A(2), Grounds for Discipline, providing a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, through a violation of N.D.C.C. § 12.1-23-07, Misapplication of Entrusted Property and N.D.C.C. § 12.1-24-01, Forgery. The Application also alleges McDonagh's conduct violates N.D.R.Lawyer Disipl. 1.2A(3), Grounds for Discipline, providing a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and N.D.R.Prof. Conduct 1.15(a), providing a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property and that funds shall be deposited in one or more identifiable interest bearing trust accounts in accordance with the provisions of paragraph (f).

[¶ 4] Under N.D.R. Lawyer Discipl. 3.4(B), Threat of Public Harm, the court may enter an interim order at any stage of any proceeding immediately suspending the lawyer pending final disposition of the proceeding predicated upon the conduct causing the harm or may order such other action as deemed appropriate. This rule also provides that upon request by counsel or the lawyer after entry of an interim suspension order, the court shall within ten days provide an opportunity for the lawyer to demonstrate that the order

should not remain in force. The Court considered the matter, and

[¶ 5] **ORDERED,** Alan M. McDonagh's license to practice law is SUSPENDED effective immediately, and until further order of this Court, pending final disposition of the disciplinary proceedings predicated upon the complaints filed.

[¶ 6] **FURTHER ORDERED,** Alan M. McDonagh comply with N.D.R. Lawyer Discipl. 6.3, Notice of Status.

[¶ 7] GERALD W. VANDEWALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.